[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff; Alan Repko, instituted this action on August 11, 1998, alleging negligence against the defendants, Fitness Connection of Danbury, Inc. (Gold's Gym) and Maria Swallow. In his complaint, he alleges that on May 13, 1997, he was a patron of Gold's Gym, and that on the same day, he began to lift weights in a reclining position on a bench. As he released the weights to the floor, his middle and ring fingers of his left hand were crushed against a weight that had been left on the floor by another patron, the co-defendant, Maria Swallow. As a result of this incident, he fractured one finger and had to undergo surgery which resulted in amputation of the upper portion of a second finger.
The defendant, Gold's Gym, has moved for summary judgment. "The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citation omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554-55 (1998). "Although the party seeking summary judgment has the burden of showing the non-existence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Emphasis supplied.) Home Ins. Co. v. AetnaCT Page 4064Life Casualty, 235 Conn. 185, 202 (1995). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578 (1990). The Supreme Court has found that, generally, an issue of causation is indeed a question of fact. Abrahams v. Young Rubicam, Inc.,240 Conn. 300, 307 (1997).
The plaintiff alleges that his injuries were caused by the defendant's failure to: (a) "post signs throughout the gym reminding patrons to re-rack their weights"; (b) "post signs throughout the gym warning patrons that weights left lying about were dangerous to other patrons"; (c) "keep the weight-lifting area reasonably safe for patrons" and; (d) "monitor and clear the weight-lifting area of weights left lying about . . .[1]
The defendant Gold argues that it had numerous signs posted throughout the gym reminding patrons to re-rack their weights. It offers the certified deposition testimony of the plaintiff; the defendant gym's manager and the defendant, Swallow, in support of this position. The plaintiff acknowledged in his deposition that he recalls having seen signs posted in the gym which read "please rack your weights." The defendant also argues that there were trainers in the area of the weight-lifting room to monitor that area and that the plaintiffs own negligence and failure to observe the weights that were left by the bench caused the plaintiffs injuries.
In support of his opposition to the defendant's motion for summary judgment, the plaintiff submitted the certified deposition transcripts of the gym's manager in which she testified that it was permissible for patrons of the gym to temporarily leave weights by workout benches, He also submitted the deposition testimony of the defendant Swallow who does not recall the exact location of a sign advising patrons to re-rack their weights nor does she recall seeing a trainer in the weight-lifting area on the day of the incident. The plaintiff also testified that he did not recall seeing a trainer in the weight-lifting area.
This court finds there are disputed issues of material fact regarding the issue of causation which to reiterate is a question of fact. The defendant's motion for summary judgment is, accordingly, denied. CT Page 4065
Moraghan, J.